**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **DEBORAH MORRIS,** *et al.*, | |
| **Plaintiffs,** | |
| **v.** | **Civil No. 1:25-cv-968-JRR** |
| **BALTIMORE CITY,** *et al.*, | |
| **Defendants.** | |

**MEMORANDUM OPINION AND ORDER**

On March 25, 2025, pro se Plaintiffs Deborah Morris and Arnell Mason initiated this action with a document titled "Civil Rights Complaint." ("Complaint;" ECF No. 1.) The Complaint caption lists as Defendants: "Baltimore City," "Baltimore Department of Housing & Community Development," "Housing Authority of Baltimore City," "Memorial Development Partners, LP," "Somerset Development Co., LLC," "Somerset Development LLC – Domestic LLC," and "Habitat America, LP." (ECF No. 1).

The Complaint spans 79 pages and appears to seek to state various claims raising constitutional and other civil challenges regarding housing located in Baltimore City. The court generally understands that Plaintiffs' Complaint asserts that the housing conditions at 301 McMechen Street have in various ways violated their rights under several federal laws, including civil rights laws, the Americans With Disabilities Act, and the Rehabilitation Act, that Defendants are responsible for, and caused, the conditions of which Plaintiffs complain, and that these injuries are redressable by the court.

In their prayer for relief, Plaintiffs appear to demand declaratory judgment that Defendants have violated the Civil Rights Act of 1866, the Civil Rights Act of 1871, Title II of the Americans

With Disabilities Act, Section 504 of the Rehabilitation Act, and the Fair Housing Act. Plaintiffs further ask the court to "[a]ppoint receivership over Baltimore Municipal Housing" to address issues pertaining to desegregation; an order requiring "Completely Renovated and/or Newly Built Homes" for families of color; an order that certain city housing be rendered ADA and Rehabilitation Act compliant; an order that Baltimore Municipal shall act "in good faith and protect all the elderly and disabled people at 301 McMechen Street" and put in place certain other protections that relate to emergency response plans; [a]ppoint receivership over Land Plat and Building subdivisions at 301 McMechen Street in Baltimore; an order to cap rents and utilities on these homes "for the next 30 years" and to require that "units are to be for 80 % of elderly persons of color . . . ."; an order requiring engineers to inspect homes for hazardous substances; an order that Defendants install "Brand New Elevators" and complete various bathroom remodeling and technology infrastructure upgrades; an award of "$500,000" and an order awarding Plaintiffs the deeds to the units in which they reside; and additional unnamed "civil penalties," as well as any other relief the court may determine is appropriate.

Pursuant to 28 U.S.C. § 1915, the court "shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or . . . fails to state a claim on which relief may be granted." Plaintiffs filed a nearly identical action at Case No. 24-1713, which this court dismissed for failure to state a claim on which relief may be granted less than two weeks ago, on March 14, 2025. (Case No. 24-1713, Memorandum Opinion and Order ECF No. 46.) Instead of curing the defects identified in the court's memorandum opinion and order, Plaintiffs have filed a new action that runs afoul of court rules even more egregiously.

As an initial matter, the court is ever mindful that *pro se* filings "must be construed liberally, . . . so as to do substantial justice," and are held to less stringent standards that filings

drafted by lawyers. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *Erickson v. Paradus*, 551 U.S. 89, 94 (2007); Fed. R. Civ. P. 8(f); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). Such liberal construction, however, does not absolve Plaintiffs from pleading a plausible claim, and this court "may not act as an advocate for a self-represented litigant" by "conjur[ing] up" issues not presented. *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (quoting *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

### Federal Rule of Civil Procedure 12(b)(6)

A motion asserted under Federal Rule of Civil Procedure 12(b)(6) "test[s] the sufficiency of a complaint;" it does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Therefore, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] complaint that provides no more than 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 8:21-CV-01637-PX, 2021 WL 5326463, at *2 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

Here, the Complaint rests entirely on conclusory assertions that Defendants have acted in ways that violate a multitude of statutes and laws – as delineated above. Plaintiffs also appear to allege that the conditions of housing at 301 McMechen Street amount to violations of their civil rights and related entitlements. The Complaint, however, sets forth no plausible factual allegations, even take as true, on which a reasonable factfinder could conclude that Defendants (individually or together) are liable as asserted. Plaintiffs rest on generalized assertions of wrongdoing and that is insufficient to state a claim.

**Federal Rule of Civil Procedure 8 and Local Rule 103.1.d**

Federal Rules 8 requires that a complaint contain a short and plain statement of the asserted grounds for relief; allegations shall be concise and direct. Local Rule 103.1.d requires that pleadings be "no longer than necessary" and "shall not exceed forty (4) pages in length" absent leave of court. The Complaint, at 79 pages, grossly fails to abide these simple requirements.

For the reasons set forth herein, it is this 26th day of March 2025:

**ORDERED** that Plaintiffs' motions to proceed in forma pauperis, pending at ECF No. 2 and 3, shall be, and are hereby, **GRANTED**; and further it is

**ORDERED** that Complaint at ECF No. 1 is **DISMISSED** in its entirety and without prejudice for failure to state a claim, and for failure to comply with Rule 8 and Local Rule 103.

Madam Clerk shall transmit a copy of this Memorandum Opinion and Order to Plaintiffs; and **CLOSE THIS CASE.**

/S/

_____

Julie R. Rubin
United States District Judge